## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

CHARLES PAT ROBERTS and
MAT MEDIA, LLC,

     Plaintiffs,

v.                         Case No.:

THE FLORIDA HOUSE OF REPRESENTATIVES and
RICHARD CORCORAN, in his official capacity as
Speaker of the House of Representatives,

Defendants.

_____/

## COMPLAINT FOR TEMPORARY AND
## PERMANENT INJUNCTIVE RELIEF

Plaintiffs, CHARLES PAT ROBERTS and MAT MEDIA, LLC sue defendants, THE FLORIDA HOUSE OF REPRESENTATIVES and RICHARD CORCORAN, in his official capacity as Speaker of the House of Representatives and allege:

1. This is an action for prospective injunctive relief and declaratory judgment.

2. This court has jurisdiction pursuant to 28 USC §1331, 42 USC §1983, and 28 USC § 2201.

3. Plaintiff CHARLES PAT ROBERTS (ROBERTS) is an individual who resides in Leon County Florida, and is the managing member of MAT MEDIA, LLC.

4.  Plaintiff MAT MEDIA, LLC, ("MAT MEDIA") is a Florida Limited Liability Company, located in Leon County, Florida.

5.  Defendant FLORIDA HOUSE OF REPRESENTATIVES is one of the two chambers that comprise the Florida Legislature, in which the Florida Constitution vests the legislative power of the State.

6.  Defendant RICHARD CORCORAN, in his official capacity as the Speaker of the Florida House of Representatives, is the Speaker of the Florida House of Representatives. The Speaker of the Florida House of Representatives is the presiding officer for that institution pursuant to Article III, Section 2, of the Florida Constitution. Pursuant to House Rule 2.6, the Speaker is empowered to initiate suits on behalf of the House, its members, its committee, and its employees and agents on a matter of significant interest to the House.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  MAT MEDIA and ROBERTS are the subjects of investigation by the HOUSE.

8.  Article III, section 5 of the Florida Constitution provides the House of Representatives with the power to compel the production of documents and other evidence and empowers the House to punish those who refuse to obey the subpoena.  It states:

SECTION 5.   **Investigations; witnesses.—**Each house, when in session, may compel attendance of witnesses and production of documents and other evidence upon any matter under investigation before it or any of its committees, and may punish by fine not exceeding one thousand dollars or imprisonment not exceeding ninety days, or both, any person not a member who has been guilty of disorderly or contemptuous conduct in its presence or has refused to obey its lawful summons or to answer lawful questions. Such powers, except the power to punish, may be conferred by law upon committees when the legislature is not in session. Punishment of contempt of an interim legislative committee shall be by judicial proceedings as prescribed by law.

9.   Section 11.143(3)(c), Florida Statutes is the statutory implementation of article III, section 5.  It states:

(c)   Either house during the session may punish by fine or imprisonment any person not a member who has been guilty of disorderly or contemptuous conduct in its presence or of a refusal to obey its lawful summons, but such imprisonment must not extend beyond the final adjournment of the session.

10.   On January 11, 2018, the HOUSE adopted a report of the Public Integrity and Ethics Committee ("PIE Committee") to issue subpoenas pursuant to article III, section 5 of the Florida Constitution.   A copy of the PIE Committee Report is attached hereto as Exhibit "A."

11.   The PIE Committee Report recommends issuing a subpoena duces tecum to MAT Media and ROBERTS and threatens punishment by fines and/ or

imprisonment for failure to comply with the subpoenas by the close of business on January 16, 2018.  See Exhibit "A".

12.     On that same day, the HOUSE served a subpoenaes duces tecum on MAT MEDIA and ROBERTS.  A copy of the subpoena to ROBERTS is attached as Exhibit "B".  A copy of the subpoena to Mat Media is attached as Exhibit "C".

13.     Article III, section 5 of the Florida Constitution empowers the HOUSE to punish by imprisonment and/or fine any person who fails to obey a "lawful" subpoena of the House.

14.     The HOUSE has asserted that its can exercise its powers to without any judicial oversight. When questioned about the Plaintiffs' Due Process rights to challenge the subpoenas, Representative Metz, Chair of the PIE Committee, reflecting the view of the House stated: "there is potential for judicial review," though he thinks that would violate separation of powers. "**I think the House has the power to act here, without judicial oversight**,"

15.     There is no judicial review or any review by any independent fact finders of the HOUSE's decision imprison and/or fine a person when the HOUSE acts pursuant to article III, section 5 of the Florida Constitution and Section 11.143(3)(c), Florida Statutes.

16. The power to subpoena is limited to "matters under investigation before the HOUSE or any of its subcommittees." MAT MEDIA and ROBERTS assert that the documents have no pertinency to the stated focus of the investigation; namely, an investigation of "certain Visit Florida television contracts to discover the integrity of such contracts and the quality of their procurement." A transcript of this portion of the house debate is attached as Exhibit "D"

17. The HOUSE subpoenas compel production of private documents that include, without limitation, tax returns, trade secret and other proprietary information not available to the general public.

18. CORCORAN has asserted legislators and legislative staff may make the information received public pursuant to the subpoenas notwithstanding the trade secret and privacy interests inherent in the documents.

19. MAT MEDIA and ROBERTS object to the production and publication of many of the documents requested by the HOUSE because:

   a.   The documents are private documents;

   b.   The documents contain trade secrets; and

   c.   The HOUSE has no legitimate legislative interest in compelling production of these documents from MAT MEDIA and ROBERTS.

20.    MAT MEDIA and ROBERTS have no available avenue to object to the production of the documents and they are subject to imprisonment and/ or fine if the documents are not produced by 5:00 p.m. on January 16, 2018.

21.    The House has asserted that it provided due process by "allowing Robert's and Mat's attorney to appear before the PIE committee provided that he not make any argument."

22.    The issuance of the HOUSE subpoenas on January 11, 2018 follows issuance of the identical subpoenas by the PIE Committee on October 12, 2017, before the commencement of session of the Florida Legislature.

23.    MAT Media and Mr. Roberts challenged validity of the "interim" PIE Committee subpoenas by seeking a determination in the Circuit Court of the Second Judicial Circuit, in  and for Leon County, Case No. 2017-CA-002284, that the PIE Committee and the Speaker of the Florida House of Representatives, in issuing the subpoenas, exceeded their authority under the Constitution of the State of Florida, Rules of the Florida House of Representatives, and the Florida Statutes, by seeking records from MAT Media and Mr. Roberts.  In addition, MAT Media and Mr. Roberts sought a determination that a number of the documents sought were "trade secrets" or were protected pursuant to Florida's constitutional right to privacy.    These

"in session" subpoenas are different and not related to the "out of session subpoenas" previously issued by the PIE committee.

24. The ability to seek a judicial determination of the PIE Committee subpoenas arguably provides some independent judicial review as the article III, section 5 specifically states "Punishment of contempt of an interim legislative committee shall be by <u>judicial proceedings as prescribed by law</u>"

25. Because the HOUSE objected to any judicial review, after the Plaintiffs challenged the interim subpoenas in state court, the HOUSE, knowing that the Florida Constitution provided no judicial review for an "in session" subpoena, reissued new subpoenas, governed by different rules to MAT MEDIA and ROBERTS.

26. It was the HOUSE's specific intent to deny MAT MEDIA and ROBERTS a meaningful review of the subpoenas and to deny them procedural due process.

27. Without meaningful independent review of the subpoena power, and the HOUSE's subpoena, the plaintiffs will be deprived of their property and in Robert's case potentially his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments to the Unites States Constitution.

## Count I – Violation of 42 U.S.C. § 1983[1]

28.   MAT MEDIA and ROBERTS re-allege the allegations of Paragraphs 1 through 27.

29.   The HOUSE, through its Speaker CORCORAN, acting under color of state law, will deprive MAT MEDIA and ROBERTS of their constitutionally protected right of due process under the Fourteenth Amendment to the United States Constitution by enforcing the in-session subpoenas and requiring Plaintiffs to provide private, confidential documents, with the punishment of fine and imprisonment for failure to comply.

30.   The Defendants' actions will deprive MAT MEDIA and ROBERTS of their constitutionally-protected property and liberty interests because there is no proceeding in which they can meaningfully challenge the subpoenas with assurance that the arbiter is not predisposed to find against them.

31.   There is no adequate state remedy that would provide MAT MEDIA and ROBERTS with procedural due process protections guaranteed under the Fourteenth Amendment to the United States Constitution to challenge the subpoenas.

---

[1] By limiting its complaint to §1983 and declaratory judgment related to a denial of procedural due process, the plaintiffs do not intend to waive or be estopped from asserting the defenses based on state law related to the in session subpoena.

32.   MAT MEDIA and ROBERTS have retained undersigned counsel to vindicate their civil rights and are obligated to pay them a reasonable attorneys fee.

WHEREFORE, MAT MEDIA and ROBERTS request the court to enter an injunction against the Defendants prohibiting them from taking any action to enforce the subpoenas or any action purporting to hold the MAT MEDIA and ROBERTS in contempt, award Plaintiffs costs and attorney's fees pursuant to 42 U.S.C. § 1988, and award any and all further relief this Court deems just.

## Count II – Declaratory Judgment

33.   MAT MEDIA and ROBERTS re-allege the allegations of Paragraphs 1 through 27.

34.   There is no state remedy that would give MAT MEDIA and ROBERTS procedural due process to challenge the in-session subpoenas issued by Defendants.

35.   MAT MEDIA and ROBERTS will be deprived of their property and liberty interests because there is no proceeding in which they meaningfully challenge the subpoenas with assurance that the arbiter is not predisposed to find against them.

36.    Article III, section 5 of the Florida Constitution and Section 11.143(3)(c),

Florida Statutes (2017) are unconstitutional as they give the House the

power to be judge, jury and executioner for alleged violations of its

subpoenas without any meaningful independent judicial review as

guaranteed by the Fifth and Fourteenth Amendments to the US Constitution.

WHEREFORE Plaintiffs pray the court to declare article III, section 5 of the

Florida Constitution, and Section 11.143(3)(c), Florida Statutes, unconstitutional

and award the taxable costs of this action.

Dated:  January 16, 2018

Respectfully submitted,

*s/ MARK HERRON*
MARK HERRON
Florida Bar No. 0199737
BRENNAN DONNELLY
Florida Bar No. 268895
ROBERT J. TELFER III
Florida Bar No. 0128694
**MESSER CAPARELLO, P.A.**
P.O. Box 15579 (32317)
2618 Centennial Place
Tallahassee, FL  32308
850-222-0720 – Telephone
850-224-4359 – Facsimile

and

**Jansen & Davis, P.A.**
R. Timothy Jansen

Florida Bar No. 691208
Email: jansen@jansenanddavis.com
Adam J. Komisar
Florida Bar No. 86047
Email: akomisar@jansenanddavis.com
1206 N Duval St
Tallahassee, FL 32303-6115
Telephone: 850-224-1440
Facsimile: 850-224-0381



# The Florida House of Representatives

**Public Integrity & Ethics Committee**

Richard Corcoran
Speaker

Larry Metz
Chair

Report on Investigation
January 11, 2018

Dear Mr. Speaker:

Your Public Integrity and Ethics Committee herewith submits the following report regarding an investigation of Visit Florida television production and broadcast contracts.

At the request of the Speaker, the Public Integrity & Ethics Committee has been investigating certain Visit Florida television production contracts to discover the integrity of such contracts and the quality of their procurement. In furtherance thereof, on October 12, 2017, the Committee issued subpoenas *duces tecum* to Mat Media, LLC, and Charles Pat Roberts compelling production of documents pertinent to the investigation. Those parties refused to comply with those subpoenas. The law provides the Committee no power to punish such non-compliance. On November 7, 2017, the Committee asked Speaker Corcoran to file an action in Circuit Court, pursuant to section 11.143(4)(b), Florida Statutes, seeking an order compelling compliance with the Committee Subpoenas. Such action remains pending.

The legislative calendar makes time of the essence and patient reliance on the judiciary may not be sufficient to the needs of the investigation.

Now having convened in Regular Session the House has authority pursuant to Section 5, Article III of the Florida Constitution, to compel production of documents upon any matter under investigation and may directly punish any refusal to obey its lawful orders. Recognizing that this constitutional power only exists while the House is in session, the Committee requests the House to issue subpoenas to Mat Media, LLC, and to Charles Pat Roberts, compelling the production of

This is in Header

Page 2

all documents previously subpoenaed by the Public Integrity & Ethics Committee, returnable by 5:00 p.m., Tuesday, January 16, 2018. The Committee also recommends that the House declare that each calendar day of noncompliance after the return date of such subpoenas may constitute a separate act of contempt of the House punishable to the Constitutional limit.

A quorum was present in person, and a majority of those present agreed to the above Report.

Larry Metz, Chairman

# THE FLORIDA HOUSE OF REPRESENTATIVES
## Subpoena Duces Tecum

To:  Charles Pat Roberts
     201 S. Monroe Street, Ste. 201
     Tallahassee, FL 32301

*Swd 1/11/18 at 130p*
*by cmc   yrs # 101*

     **YOU ARE COMMANDED** to appear at the Florida House of Representatives, House Office Building, 402 S. Monroe Street, Suite 402, Tallahassee, FL 32399 on January 16, 2018, at 5:00 p.m. and to have with you at that time and place the records listed on the attached Exhibit "A."

     These records will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the House General Counsel on or before the scheduled date of production. You may mail or deliver the copies to the House General Counsel and thereby eliminate your appearance at the time and place specified above. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

     If you fail to appear as specified, or fail to furnish the records instead of appearing as provided above, you may be held in contempt of the Florida House of Representatives and may be punished according to article III, section 5 of the Florida Constitution, section 11.143(3)(c) of the Florida Statutes, and applicable Rules of the Florida House of Representatives. Said punishment may include imprisonment for up to ninety days and a fine of up to $1,000 per failure to comply.

     You are subpoenaed to appear and unless excused from this subpoena by the Speaker of the House, you shall respond to this subpoena as directed. If you have any questions regarding this subpoena, you should contact Adam Tanenbaum, House General Counsel, at (850) 717-5500.

     Herein fail not, under penalty of law.
Given under my hand and seal by Order of the House
this 11th day of January, 2018.

_____
Richard Corcoran, Speaker

ATTEST:

_____
Portia Palmer, Clerk

*To All and Singular the Sheriffs of the State of Florida, and to Other Person(s) Authorized by Law to Serve Process in this State:*  You are hereby commanded to serve and return this subpoena according to law.

**EXHIBIT B**

## Exhibit "A"

1. All contracts and agreements between MAT Media, LLC and Scripps Network Interactive related to Emeril's Florida for years 2012-2017.
2. All contracts between MAT Media, LLC and Cooking Channel related to Emeril's Florida for years 2012-2017.
3. All contracts between MAT Media, LLC and Food Network related to Emeril's Florida for years 2012-2017.
4. All contracts between MAT Media, LLC and Martha Stewart Living Omni Media, Inc. related to Emeril's Florida for years 2012-2017.
5. All contracts between MAT Media, LLC and MSLO Emeril's Acquisition, LLC related to Emeril's Florida for years 2012-2017.
6. All contracts between MAT Media, LLC and Emeril Lagasse related to Emeril's Florida for years 2012-2017.
7. All contracts between MAT Media, LLC and Emeril Brands related to Emeril's Florida for years 2012-2017.
8. All contracts between MAT Media, LLC and the restaurants featured in Emeril's Florida for years 2012-2017.
9. All contracts between MAT Media, LLC and any other entity, including but not limited to contracts for advertising or sponsorship, regarding Emeril's Florida for years 2012-2017.
10. All contracts between MAT Media, LLC and Florida Office of Film and Entertainment for the production and airing of Emeril's Florida for years 2012-2017.
11. All documents reflecting all rebates and incentives received from Florida Office of Film and Entertainment for the production and airing of Emeril's Florida for years 2012-2017.
12. All documents reflecting all tax rebates and incentives received related to the production and airing of Emeril's Florida for years 2012-2017.
13. All contracts between MAT Media, LLC and any Florida Convention and Visitor Bureau (CVB), Tourist Development Council (TDC), and/or Visit Florida Strategic Partners, including Busch Gardens, Disney, SeaWorld or Universal Studios, concerning co-op participation under contract with Visit Florida for years 2012-2017.
14. All necessary licenses, agreements, and consents obtained authorizing MAT Media, LLC to contract with Emeril Lagasse, Martha Stewart Living Omni Media and the Cooking Channel, along with all costs incurred as a result.
15. All documents reflecting all revenues received by MAT Media, LLC in connection with the production and airing of Emeril's Florida for years 2012-2017, including but not limited to revenues received from the sale of media buys and/or revenues received from featured restaurants and resorts/hotels.
16. All documents reflecting all expenses incurred by MAT Media, LLC in connection with the production and airing of Emeril's Florida for years 2012-2017.
17. All documents evincing performance required by contracts with Visit Florida related to Emeril's Florida including but not limited to receipts, invoices, bills, subcontracts, and media placement agreements.
18. All journals, ledgers, books and records concerning the production and airing of Emeril's Florida for years 2012-2017.
19. Federal tax returns for MAT Media, LLC for 2012-2016.
20. All documents sufficient to reflect income received by Charles Patrick Roberts from MAT Media, LLC in connection with the production and airing of Emeril's Florida for 2012-2017.

# THE FLORIDA HOUSE OF REPRESENTATIVES
## Subpoena Duces Tecum

To:     MAT Media, LLC, Records Custodian
        c/o Charles Pat Roberts, Registered Agent and Managing Member
        201 S. Monroe Street, Ste. 201
        Tallahassee, FL 32301

*5/1/11/18 at 130p*
*by cms   gps #101*

**YOU ARE COMMANDED** to appear at the Florida House of Representatives, House Office Building, 402 S. Monroe Street, Suite 402, Tallahassee, FL 32399 on January 16, 2018, at 5:00 p.m. and to have with you at that time and place the records listed on the attached Exhibit "A."

These records will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the House General Counsel on or before the scheduled date of production. You may mail or deliver the copies to the House General Counsel and thereby eliminate your appearance at the time and place specified above. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to appear as specified, or fail to furnish the records instead of appearing as provided above, you may be held in contempt of the Florida House of Representatives and may be punished according to article III, section 5 of the Florida Constitution, section 11.143(3)(c) of the Florida Statutes, and applicable Rules of the Florida House of Representatives. Said punishment may include imprisonment for up to ninety days and a fine of up to $1,000 per failure to comply.

You are subpoenaed to appear and unless excused from this subpoena by the Speaker of the House, you shall respond to this subpoena as directed. If you have any questions regarding this subpoena, you should contact Adam Tanenbaum, House General Counsel, at (850) 717-5500.

Herein fail not, under penalty of law.
Given under my hand and seal by Order of the House
this 11th day of January, 2018.

_____
Richard Corcoran, Speaker

ATTEST: _____
Portia Palmer, Clerk

*To All and Singular the Sheriffs of the State of Florida, and to Other Person(s) Authorized by Law to Serve Process in this State*: You are hereby commanded to serve and return this subpoena according to law.

EXHIBIT C

## Exhibit "A"

1. All contracts and agreements between MAT Media, LLC and Scripps Network Interactive related to Emeril's Florida for years 2012-2017.
2. All contracts between MAT Media, LLC and Cooking Channel related to Emeril's Florida for years 2012-2017.
3. All contracts between MAT Media, LLC and Food Network related to Emeril's Florida for years 2012-2017.
4. All contracts between MAT Media, LLC and Martha Stewart Living Omni Media, Inc. related to Emeril's Florida for years 2012-2017.
5. All contracts between MAT Media, LLC and MSLO Emeril's Acquisition, LLC related to Emeril's Florida for years 2012-2017.
6. All contracts between MAT Media, LLC and Emeril Lagasse related to Emeril's Florida for years 2012-2017.
7. All contracts between MAT Media, LLC and Emeril Brands related to Emeril's Florida for years 2012-2017.
8. All contracts between MAT Media, LLC and the restaurants featured in Emeril's Florida for years 2012-2017.
9. All contracts between MAT Media, LLC and any other entity, including but not limited to contracts for advertising or sponsorship, regarding Emeril's Florida for years 2012-2017.
10. All contracts between MAT Media, LLC and Florida Office of Film and Entertainment for the production and airing of Emeril's Florida for years 2012-2017.
11. All documents reflecting all rebates and incentives received from Florida Office of Film and Entertainment for the production and airing of Emeril's Florida for years 2012-2017.
12. All documents reflecting all tax rebates and incentives received related to the production and airing of Emeril's Florida for years 2012-2017.
13. All contracts between MAT Media, LLC and any Florida Convention and Visitor Bureau (CVB), Tourist Development Council (TDC), and/or Visit Florida Strategic Partners, including Busch Gardens, Disney, SeaWorld or Universal Studios, concerning co-op participation under contract with Visit Florida for years 2012-2017.
14. All necessary licenses, agreements, and consents obtained authorizing MAT Media, LLC to contract with Emeril Lagasse, Martha Stewart Living Omni Media and the Cooking Channel, along with all costs incurred as a result.
15. All documents reflecting all revenues received by MAT Media, LLC in connection with the production and airing of Emeril's Florida for years 2012-2017, including but not limited to revenues received from the sale of media buys and/or revenues received from featured restaurants and resorts/hotels.
16. All documents reflecting all expenses incurred by MAT Media, LLC in connection with the production and airing of Emeril's Florida for years 2012-2017.
17. All documents evincing performance required by contracts with Visit Florida related to Emeril's Florida including but not limited to receipts, invoices, bills, subcontracts, and media placement agreements.
18. All journals, ledgers, books and records concerning the production and airing of Emeril's Florida for years 2012-2017.
19. Federal tax returns for MAT Media, LLC for 2012-2016.

1

2

3   _____

4

5         FLORIDA HOUSE OF REPRESENTATIVES

6            EXCERPT OF PROCEEDINGS

7   _____

8

9

10

11  DATE:                    JANUARY 11, 2018

12  TRANSCRIBED BY:          DEBRA R. KRICK
                             Court Reporter and
13                           Notary Public in and for
                             State of Florida at Large
14

15

16

17            PREMIER REPORTING
              114 W. 5TH AVENUE
18          TALLAHASSEE, FLORIDA
              (850) 894-0828
19

20

21

22

23

24

25

Premier Reporting                    (850) 894-0828              Reported by: Debbie Krick
114 W. 5th Avenue, Tallahassee, FL  32303                        premier-reporting.com

EXHIBIT D

EXCERPT OF PROCEEDINGS

1
2      FEMALE SPEAKER: Dear Mr. Speaker, your Public
3  Integrity and Ethics Committee herewith submits the
4  following report regarding an investigation of
5  Visit Florida television production and broadcast
6  contracts.
7      Reading of the report, Mr. Speaker.
8      SPEAKER OF THE HOUSE: Representative Metz,
9  you are recognized on the report.
10     REPRESENTATIVE METZ: Thank you, Mr. Speaker.
11     As you know, at the request of the Speaker,
12  the Public Integrity and Ethics Committee has been
13  investigating certain Visit Florida contracts
14  related to the production of television programs,
15  and we are trying to find out what the integrity of
16  the contracts are, and the quality of their
17  procurement.
18     In furtherance thereof, on October 12, 2017,
19  the Committee issued subpoenas to Mat Media, LLC
20  and Charles Pat Roberts compelling production of
21  documents pertinent to the investigation. Those
22  parties refused to comply with the subpoenas. The
23  law provides our committee with no power to enforce
24  the subpoenas. We have no power to punish
25  noncompliance.

1        And on November 7th, 2017, the Speaker

2    asked -- (INAUDIBLE) -- to file an action in

3    circuit court pursuant to Section 11.143(b)(4)(b),

4    Florida Statutes, seeking an order compelling

5    compliance with the Committee subpoenas.  That

6    action remains pending.  We still have not received

7    any enforcement orders on the subpoenas.

8        The legislative calendar makes time of the

9    essence with this regard -- in this regard, and

10   patient reliance on the judiciary may not be

11   sufficient for the needs of our investigation.

12       Now, that we are convened in regular session,

13   Mr. Speaker, the House has authority pursuant to

14   Article III, Section 5, of the Florida Constitution

15   to compel production of documents upon any matter

16   under investigation, and may directly punish any

17   refusal to obey its lawful orders.

18       Recognizing that this power under the

19   Constitution only exists when the House is in

20   session, the Committee requests the House to issue

21   subpoenas to Mat Media, LLC, and to Charles Pat

22   Roberts, compelling production of documents as

23   specified in the subpoenas.  They were previously

24   subpoenaed the same documents by -- and

25   returnable -- have those documents returnable by

4

1    5:00 p.m. on Tuesday, January 16, 2018.

2        The Committee also recommends that the House

3    declare that each calendar day of noncompliance

4    after the return date of such subpoenas may

5    constitute a separate act of contempt of the House

6    punishable to the constitutional limit.

7        Mr. Speaker, we adopted this report today in

8    our meeting.  A quorum was present, and a majority

9    of those present agreed to the above report.

10       And that is the report, Mr. Speaker.  Thank

11   you.

12       SPEAKER OF THE HOUSE:  You are now recognized

13   for a motion, Representative Metz.

14       REPRESENTATIVE METZ:  Thank you, Mr. Speaker.

15       Mr. Speaker, I move that the House accept the

16   Public Integrity and Ethics Committee report on

17   investigation and issue subpoenas to Mat Media,

18   LLC, and to Charles Pat Roberts, compelling the

19   production of all documents previously subpoenaed

20   by the Public Integrity and Ethics Committee,

21   returnable by 5:00 p.m. on Tuesday, January 16,

22   2018; and declare that each calendar day of

23   noncompliance after the return date of such

24   subpoenas may constitute a separate act of contempt

25   of the House punishable to the constitutional

1   limit.

2        SPEAKER OF THE HOUSE:   Representative Metz

3   moves that the House accept the Public Integrity

4   and Ethics Committee report on investigation and

5   issue subpoenas to Mat Media, LLC, and to Charles

6   Pat Roberts, compelling the production of all

7   documents previously subpoenaed by the Public

8   Integrity and Ethic Committee, returnable by 5:00

9   p.m. Tuesday, January 16, 2018; and declare that

10  each calendar day of noncompliance after the return

11  date of such subpoenas may constitute a separate

12  act of contempt of the House punishable to the

13  constitutional limit.

14        Are there questions?

15        Is there debate?

16        Question, you're recognized.

17        REPRESENTATIVE GELLER:   Thank you,

18  Mr. Speaker.   Yes, I have a couple of questions,

19  Chairman Metz.

20        This is a fairly extraordinarily remedy, and I

21  am candidly not terribly familiar with how this

22  procedure will play out.   So I know that the

23  Constitution permits us in -- in Article III,

24  Section 5, to issue lawful subpoenas.

25        In particular, I would like to know if the

1    people who are being served these subpoenas were in

2    fear that there were, for instance, some trade

3    secrets that are entitled to be protected, or if

4    they had materials that they felt should not be

5    subject to production due to a right to privacy.

6    What's the mechanism by which they could have a due

7    process right to challenge the specifics of the

8    subpoena?

9         SPEAKER OF THE HOUSE:  Representative Metz,

10   you're recognized.

11        REPRESENTATIVE METZ:  Thank you, Mr. Speaker.

12        Well, you're correct in your observation at

13   the beginning of your question, Representative

14   Geller.  This is unprecedented in the sense we

15   haven't been down this road before, so I don't have

16   any experience to relate to you on that.

17        Obviously, we know from our general

18   understanding of the law and how the separation of

19   powers works, that we are all under the

20   Constitution -- all three branches of government

21   are subject to the Constitution, and I would just

22   extrapolate from that, that there is obviously the

23   potential, perhaps, for a judicial review, but that

24   would violate separation of powers, in my opinion;

25   but I am just saying I can't go beyond that when

1    there is no precedential law to rely upon for an

2    answer to that question.

3         In general, we have three branches of

4    government.  They are each independent, and one

5    cannot take over the powers of the other.  So I

6    think the House has the power to act here without

7    regard to judicial oversight.

8         SPEAKER OF THE HOUSE:  Representative Geller

9    for follow-up.

10         REPRESENTATIVE GELLER:  Thank you,

11    Mr. Speaker.

12         And I appreciate that this is new ground for

13    all of us, and I don't expect you to be able to

14    answer beyond what -- what you know.

15         Is there a formal position of the House as to

16    whether there is any mechanism for the people being

17    subpoenaed to raise the kinds of challenge -- due

18    process challenges I mentioned as to, for instance,

19    trade secret protection or right to privacy if they

20    think those things exist?  Not that I am trying to

21    judge that they do or don't.

22         SPEAKER OF THE HOUSE:  Representative Metz.

23         REPRESENTATIVE METZ:  Thank you, Speaker.

24         When we had our meeting of the Public

25    Integrity and Ethics Committee today, and we

1     allowed the counsel for the parties the opportunity

2     to be heard.  They were heard fully.  They had a

3     letter that they had prepared and hand-delivered to

4     the Committee today -- which, in retrospect, it

5     should have been delivered before today so we could

6     all have had a chance to actually read it before we

7     were being in the committee meeting making

8     decisions.  But be that as it may, that was their

9     choice to do the letter today and not earlier.

10         So they had a due process hearing, if you

11    think about it, because the Committee is the one

12    that issued this report to the House.  We are now

13    debating it in a public forum on the House floor,

14    and the House will speak as a body to it in a few

15    moments, I am sure, one way or the other we will

16    speak to the issue.

17         So there is a due process element already in

18    play with regard to the hearing that we had in

19    committee today, and the way our proceeding unfolds

20    in full public view here on the House floor.

21         SPEAKER OF THE HOUSE:  Representative Geller

22    for a follow-up.

23         REPRESENTATIVE GELLER:  Thank you.  My last

24    one, and is it, in fact -- my understanding is the

25    lawful limit which we are discussing -- thank you,

1      Mr. Speaker.  Excuse me.

2           My understanding, Chairman, is that the lawful

3      limit that we are discussing is up to 90 days

4      imprisonment.  Is it, in fact, the intent of the --

5      the motion that that 90 days of imprisonment, or

6      the fine that could also be imposed, be available

7      and imposed for each single day that the materials

8      might not be forthcoming?

9           I don't have a problem with the constitutional

10     limit, but I am just inquiring as to whether, if it

11     was a week late, are we seeking seven times 90 days

12     imprisonment?

13          SPEAKER OF THE HOUSE:  Representative Metz,

14     you're recognized.

15          REPRESENTATIVE METZ:  Thank you, Mr. Speaker.

16          Well, of course at this stage of the

17     proceedings, we are not discussing penalties at

18     all, because we are hoping that when the House

19     speaks to this, and if the decision is made to

20     issue the subpoenas, that the will of the House

21     will be observed by the parties in question, and we

22     won't have to ever get there.  So that's my first

23     response, is that we hope it's never going to come

24     to that, and it really shouldn't.

25          But if it ends up in a situation where the

1    enforcement power has to be exercised, I want to

2    mention to the body that the penalty is punishable

3    by fine not exceeding $1,000, or imprisonment not

4    exceeding 90 days, or both.  So there would be an

5    option there with financial penalties or jail or

6    both.  And, yes, the report does read that each day

7    of noncompliance is a separate violation.

8        SPEAKER OF THE HOUSE:  Are there any other

9    questions?

10       Is there debate?

11       All in favor of the motion, signify by saying

12   yay?

13       (Chorus of yays.)

14       SPEAKER OF THE HOUSE:  Opposed?

15       Show the motion adopted and the subpoena so

16   ordered.

17       Madam Clerk, do you have the subpoenas ready

18   to execute?

19       THE CLERK:  The subpoenas are ready to

20   execute, Mr. Speaker.

21       SPEAKER OF THE HOUSE:  Madam Clerk, please

22   bring the subpoenas to the rostrum.

23       (Subpoenas signed.)

24       SPEAKER OF THE HOUSE:  Madam Clerk, I have

25   just signed both subpoenas, you will attest?

1           Madam Clerk, please deliver the executed

2      subpoenas to the process server who is waiting in

3      my office.

4           (Whereupon, the excerpt of the proceedings

5   concluded.)

TRANSCRIPT CERTIFICATE

STATE OF FLORIDA    )
COUNTY OF LEON      )

        I, DEBRA R. KRICK, Court Reporter, hereby

certify that the foregoing transcript of a

audio-recorded proceedings was taken down as stated in

the caption, and the questions and answers thereto were

reduced to typewriting under my direction;

        That the foregoing pages 2 through 11

represent a true, correct, and complete transcript of

the tape-recording;

        And I further certify that I am not of kin or

counsel to the parties in the case; am not in the

regular employ of counsel for any of said parties; nor

am I in anywise interested in the result of said case.

        Dated this 12th day of January, 2018.


                    DEBRA R. KRICK
                    NOTARY PUBLIC
                    COMMISSION #GG015952
                    EXPIRES JULY 27, 2020

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| CHARLES P. ROBERTS and<br>MAT MEDIA, LLC<br>_____<br>*Plaintiff(s)*<br>v.<br>THE FLORIDA HOUSE OF REPRESENTATIVES<br>and RICHARD CORCORAN, in his official capacity<br>as Speaker of the House of Representatives<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Richard Corcoran, Speaker of the House
The Florida House of Representatives
420 The Capitol
402 South Monroe Street
Tallahassee, FL 32399-1300

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Mark Herron
Messer Caparello, P.A.
2618 Centennial Place
Tallahassee, FL 32308

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                 *Server's signature*

                                          _____
                                                 *Printed name and title*

                                          _____
                                                 *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| CHARLES P. ROBERTS and<br>MAT MEDIA, LLC<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>THE FLORIDA HOUSE OF REPRESENTATIVES<br>and RICHARD CORCORAN, in his official capacity<br>as Speaker of the House of Representatives<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The Florida House of Representatives
Richard Corcoran, Speaker of the House
420 The Capitol
402 South Monroe Street
Tallahassee, FL 32399-1300

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Mark Herron
> Messer Caparello, P.A.
> 2618 Centennial Place
> Tallahassee, FL 32308

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc: